## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**RICK MINNICH,**                                     **CASE NO. 2:06-cv-897**
                                                                  **JUDGE SMITH**
         **Petitioner,**                             **MAGISTRATE JUDGE ABEL**

**v.**

**STATE OF OHIO,**

         **Respondent.**

### OPINION AND ORDER

On November 24, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 5. For the reasons that follow, petitioner's objections are **OVERRULED** and this action is hereby **DISMISSED**.

Petitioner objects to all of the Magistrate Judge's recommendations. Petitioner argues that his habeas corpus petition should be construed under 28 U.S.C. §1651, the All Writs Act, rather than under 28 U.S.C. §2254, and that he should be excused from the requirement of exhaustion of state court remedies, because he has been denied access to the state courts, and because exhaustion would, in any event, be futile. Petitioner also objects to the Magistrate Judge's recommendation that certain of his claims be dismissed as inappropriate for federal habeas corpus review. Petitioner asserts that his life is "in imminent danger" due to unspecified health issues, and that presentation of his claims in a motion under 28 U.S.C. §1983 therefore would be inadequate.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. After careful review of the entire

record, this Court is unpersuaded by petitioner's arguments.

The Supreme Court noted in rejecting the use of *coram nobis* in *Carlisle v. United States,* 517 U.S. 416 (1996), that "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act , that is controlling." *Id.* at 428-29 (quoting *Pa. Bureau of Corr. v. U.S. Marshals Serv.,* 474 U.S. 34, 43 (1985)) (internal quotation marks omitted). Because a § 2254 petition is available to petitioner, a writ under § 1651 is not. *See, e.g., Godoski v. United States,* 304 F.3d 761, 762 (7th Cir .2002). Additionally, as noted by the Magistrate Judge, claims regarding improper conditions of confinement may not be considered in a federal habeas corpus petition, but may be brought in an action under 28 U.S.C. §1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 484 (1983). Petitioner apparently is currently incarcerated awaiting trial on pending charges. The record is without support for his allegation that he has been denied access to the state courts, or that exhaustion of state court remedies would be futile. *See Turner v. Bagley*, 404 F.3d 718, 724-26 (6th Cir. 2005).

For all of the foregoing reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation,* petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

    /s/ George C. Smith
    GEORGE C. SMITH
    United States District Judge